Provided to Suwannee
Correctional Institution on:

APR 0 7 2022
JLD
for mailing, by:

AO 241 (Rev. 09/17)

**PETITION UNDER 28 U.S.C. § 2254 FOR WRIT OF
HABEAS CORPUS BY A PERSON IN STATE CUSTODY**

| United States District Court | District: Western |
|---|---|

| Name (under which you were convicted):<br>Joshua Lee Day | Docket or Case No.:<br>1:22cv85 AW/6RJ |
|---|---|

| Place of Confinement :<br>Suwannee C.I. Annex | Prisoner No.:<br>H51182 |
|---|---|

| Petitioner (include the name under which you were convicted) | Respondent (authorized person having custody of petitioner) |
|---|---|
| JOSHUA LEE DAY | v.   THE STATE OF FLORIDA |

| The Attorney General of the State of: Florida |
|---|

## PETITION

1.  (a) Name and location of court that entered the judgment of conviction you are challenging:

    The Circuit Court of the 10th Judicial Circuit in and for Polk County, Florida    location: Bartow, Florida

    (b) Criminal docket or case number (if you know):  CF16-007789

2.  (a) Date of the judgment of conviction (if you know):  July 5, 2017

    (b) Date of sentencing:  August 16, 2017

3.  Length of sentence:  Thirty (30) years

4.  In this case, were you convicted on more than one count or of more than one crime?  ☒ Yes   ☐ No

5.  Identify all crimes of which you were convicted and sentenced in this case:

    Attempted First Degree Murder § 777.04 and

    Violation of an Injunction § 741.31 (4) (A)

6.  (a) What was your plea? (Check one)

    ☒ (1)   Not guilty          ☐ (3)   Nolo contendere (no contest)

    ☐ (2)   Guilty              ☐ (4)   Insanity plea

AO 241 (Rev. 09/17)

(b) If you entered a guilty plea to one count or charge and a not guilty plea to another count or charge, what did

you plead guilty to and what did you plead not guilty to?   I plead guilty to violation of an injunction charge and not guilty to Attempted First Degree Murder charges. However, the prosecution tied both charges together.

(c) If you went to trial, what kind of trial did you have? (Check one)

☒ Jury    ☐ Judge only

7.   Did you testify at a pretrial hearing, trial, or a post-trial hearing?

☒ Yes    ☐ No

8.   Did you appeal from the judgment of conviction?

☒ Yes    ☐ No

9.   If you did appeal, answer the following:

(a) Name of court:   The District Court of Appeal 2nd District

(b) Docket or case number (if you know):   2D17-3445

(c) Result:   Anders Brief was filed and then Per Curiam Affirmed

(d) Date of result (if you know):   June   , 2018

(e) Citation to the case (if you know):

(f) Grounds raised:   Zero

(g) Did you seek further review by a higher state court?   ☐ Yes   ☒ No

If yes, answer the following:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Result:

AO 241 (Rev. 09/17)

(4) Date of result (if you know): _____

(5) Citation to the case (if you know): _____

(6) Grounds raised: _____

_____

_____

_____

(h) Did you file a petition for certiorari in the United States Supreme Court?    ☐ Yes    ☒ No

If yes, answer the following:

(1) Docket or case number (if you know): _____

(2) Result: _____

_____

(3) Date of result (if you know): _____

(4) Citation to the case (if you know): _____

10. Other than the direct appeals listed above, have you previously filed any other petitions, applications, or motions concerning this judgment of conviction in any state court?    ☒ Yes    ☐ No

11. If your answer to Question 10 was "Yes," give the following information:

(a) (1) Name of court:  The 10ᵗʰ Judicial Circuit Court

(2) Docket or case number (if you know):  CF16-007789

(3) Date of filing (if you know):  October 25, 2018

(4) Nature of the proceeding:  A Rule 3.850 post-conviction Relief motion

(5) Grounds raised:

"See attachment (Grounds raised) on next page."

_____

_____

_____

_____

_____

_____

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result:  The state was ordered to show cause to grounds 1 and 3 but was fully denied after

Grounds Raised:

1. Trial Counselor failed to pursue A FDLE forensic expert to test the Alleged Recovered weapon for DNA and request a Reenactment test in order to Refute the victim's statement on injuries concerning the way the weapon was Allegedly used during the Altercation

2. Trial counselor failed to sufficently conduct and raise exculpatory evidence to support his J.O.A Request Alleging the State's failure to prove a prima facie case.

3. Trial Counselor failed to move to sever the two charges before proceeding to trial

4. The State and FDLE officials committed A giglio Violation by Relying on false testimony, inAdmisable evidence, and conflicting statements to prove their burden of proof beyond A Reasonable doubt.

AO 241 (Rev. 09/17)

(8) Date of result (if you know): January 4, 2019 and May 28, 2019

(b) If you filed any second petition, application, or motion, give the same information:

(1) Name of court: The 10th Judicial Circuit Court

(2) Docket or case number (if you know): CF16-007789

(3) Date of filing (if you know): February 13, 2019

(4) Nature of the proceeding:

(5) Grounds raised: A Amend motion —
Trial counselor was ineffective assistance of counsel by failing to pursue and investigate hospital/ medical records for the purpose of refuting the victim's statement on injuries and the nature they were caused

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes   ☒ No

(7) Result: Denied but not struck.

(8) Date of result (if you know): May 1, 2019

(c) If you filed any third petition, application, or motion, give the same information:

(1) Name of court: The 10th Judicial Circuit Court

(2) Docket or case number (if you know): CF16-007789

(3) Date of filing (if you know): January 5, 2021

(4) Nature of the proceeding: A Rule 3.850 (b) (1) motion

(5) Grounds raised:

"See attachment (Grounds raised) on next page."

Grounds Raised:

1. Trial counselor gave erroneous and misleading advice that lead to a rejection of a favorable plea bargain offer. Based on Newly discovered evidence that defense counselor actually did not take the adequate and reasonable steps in order to preserve the pretrial discovery deposition recordings before proceeding to trial.

2. Trial counselor and state prosecutor committed an unlawful act of collusion and deception (State v. Burton) violation. Based on the Newly discovered evidence of spoliation regarding the lost or destruction of the pretrial deposition recordings.

AO 241 (Rev. 09/17)

(6) Did you receive a hearing where evidence was given on your petition, application, or motion?

☐ Yes    ☒ No

(7) Result:  Denied

(8) Date of result (if you know):  July 9, 2021

(d) Did you appeal to the highest state court having jurisdiction over the action taken on your petition, application, or motion?

(1) First petition:    ☒ Yes    ☐ No

(2) Second petition:  ☒ Yes    ☐ No

(3) Third petition:   ☒ Yes    ☐ No

(e) If you did not appeal to the highest state court having jurisdiction, explain why you did not:

_____

_____

12.   For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the facts supporting each ground. Any legal arguments must be submitted in a separate memorandum.

**CAUTION: To proceed in the federal court, you must ordinarily first exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.**

GROUND ONE:   "See attachments on next page"

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

"See attachments on next page"

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground One, explain why:

_____

_____

_____

_____

_____

_____

A. Ground One: Petitioner's 6th U.S. Constitutional Amendment right was violated by trial counselor failure to investigate and pursue a forensic expert to test the alleged recovered weapon for DNA and request a forensic reenactment test in order to refute the victims statement on injuries concerning the nature the weapon was used during the altercation.

1. Supporting Facts:

On September 19, 2016, an altercation occured outside the bussiness of Superior Screen Printing. The lead FDLE officer investigating was officer David Bell, whom declared first that there was probable cause to arrest petitioner for the charges of: Aggravated Battery and Violation of an injunction based on the victim's statements and the injuries he reviewed. The victim's injuries were not ruled by her attending nurse to be life-threatening, or severe stab wounds but were actually small cuts and a scrape. The victim was released from the hospital on the same night, the alleged incident occured. The victim was offered emergency shelter but she refused. The victim did not fully identify what the crime weapon looked like during her statements with officer David Bell, nor during her off the record first statements she gave the detectives. Several investigation searches were conducted around the crime scene area by several FDLE officials and on several different occasions but no evidence was discovered. Until on September 25, 2016, the store owner of bussiness Superior Screen Printing Mr. Gazzola, reported that he had found what he thought was the evidence "crime weapon" the police were looking for laying in his bushes outside his shop. Officer Hammersla stated upon his arrival to meet Mr. Gazzola, Gazzola personally handed the alleged discovered weapon to him claiming where he found it instead

of leaving it were he reported it to be found. On September 27, 2016, two (2) days after the alleged weapon was claimed discovered and tagged into evidence, detectives again interviewed the victim for their second time; that is when Ms. Shelnut while being recorded for the first time identified in full detail that the weapon used was a 3" inch Silver blade with a black handle. Also during the victims interview statements with detectives was when she first alleged in detail how the petitioner attacked her with the recovered weapon; she stated the weapon went deep inside her flesh during the petitioners first attack that was to her leg and thats what caused the knife to bend before petitioner pulled the knife out and proceeded to stab her twice in her right breast. last petitioner went to stab her in her neck but she was able to block the attack and petitioner got her upper arm instead. On September 28, 2016 the next day detective Edward Sealey stated in his narrative report that after he consulted with the State Attorneys office he "was going to complete a lab request for DNA testing on the recovered weapon." But at trial detective Sealey testified "having the weapon tested for DNA was not a question that was ever brought to his attention." Also both Officer Hammersla and Sealey testified having the Allegedly recovered weapon tested for DNA was not their job but each placed the blame on the other and both officers Admitted never having submitted the knife for any forensic testing. No forensic crime scene tech's were sought. No pretrial motions what so ever were sought. No pretrial investigations were conducted by defense Counselor concerning the alleged recovered weapon and it's connection, nor concerning the victims wounds and how they were caused. At trial petitioner's defense Counsel MR. Shama did not make any objection regarding the State introducing the alleged crime weapon as concert evidence in their case, nor did counselor call any other witnesses but the petitioner on behalf of supporting his theory of defense.

Trial Counselor also allowed the victim's statements about her wounds and how they were caused to go unchallenged before the fact finders. Petitioner's verdict came back as guilty as charged for Attempted First Degree Murder together with violation of an Injunction charge. Petitioner was sentenced to a term of thirty (30) years in prison.

AO 241 (Rev. 09/17)

**(c)**   **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:   Appointed appeal counselor filed a Ander brief and this issue is appropriate for a 3.850 post-conviction Relief motion

**(d) Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:   A Rule 3.850 post-conviction Relief motion

Name and location of the court where the motion or petition was filed:   The Circuit Court of the 10th Judicial circuit in and for Polk County, Florida / Bartow, FL

Docket or case number (if you know):   CF16-007789

Date of the court's decision:   May 28, 2019

Result (attach a copy of the court's opinion or order, if available):   Denied in full after adopting the State's show cause argument

(3) Did you receive a hearing on your motion or petition?   ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   The District Court of Appeal 2nd District in and for Lakeland, Florida

Docket or case number (if you know):   2D19-2471

Date of the court's decision:   May 9, 2020

Result (attach a copy of the court's opinion or order, if available):   Per Curiam Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

AO 241 (Rev. 09/17)

(e) **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground One:

**GROUND TWO:** _"See attachments on next page"_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
"See attachments on next page"

(b) If you did not exhaust your state remedies on Ground Two, explain why:

(c)   **Direct Appeal of Ground Two:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why:  this issue was not raised because an Anders brief was instead. Trial counselor recommended this issue to be raised but his request to represent petition on direct appeal was rejected

(d)   **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition:  A Rule 3.850 post-conviction Relief motion
Name and location of the court where the motion or petition was filed:  The Circuit Court of the 10th Judicial Circuit in and for Polk County, Florida location: Bartow, Florida
Docket or case number (if you know):  CF16-007789

B. Ground Two: Petitioner's 6th U.S. Constitutional Amendment right was violated by defense Counselor failure to investigate and raise exculpatory evidence to support his J.O.A. arguing the state's failure to prove a prima facie case.

1. Supporting facts:

After discovery depositions were held the state offered decreasing plea bargain offers. Defense counselor immediately after holding his deposes with the State's witnesses informed the court that the defense was ready to proceed their case for trial. The prosecution requested four (4) extentions asking for more time to prepare their case. Defense Counselor Mr. Shama during trial introduce any evidence to refute the State's case, nor did counselor introduce or pursue any evidence what so ever to support his theory of defense. The severity of the victim's wounds when unchallenged and undisputed before the fact finders. No medical evidence/records were investigated or pursued by defense counselor. Defense Counselor called no witnesses other than the petitioner on behalf of the defense. The State prosecutor introduced inconsistent trial statements that were in conflict with their witnesses; Mr. Yule's, Mr. Macaluso's, Ms. Shelnut's, and detective Sealey's prior statements made on record. Trial counselor failed to point out the discrepancy between the State's witnesses testimony before the fact finders and their prior statements made to detectives. Defense Counselor stated his argument in support of the defense's J.O.A. request was only "perfuntorily," and ended it at that. It was later discovered by way of trial counselor's show cause order regarding petitioner's writ of Mandamus that: (1) defense counselor Mr. Shama failed to take the adequate and reasonable steps to preserve his only gathered information conducted in his pretrial investigation process into the State's case because trial counselor lost the pretrial discovery depositions;

(2) the discovery depositions were held on a audio hand held tape recording device but never were transcribed; (3) also the defense counselor never took written notes of any of the depositions of the State's witnesses; (4) nor did defense Counselor seek a court Reporter's presence in the deposition interviews.

AO 241 (Rev. 09/17)

Date of the court's decision:   January 8, 2019

Result (attach a copy of the court's opinion or order, if available):   Denied

(3) Did you receive a hearing on your motion or petition?                                    ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?                               ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☒ Yes   ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed:   The District Court of
Appeal 2nd District in and for Lakeland, Florida

Docket or case number (if you know):   2D19-2471

Date of the court's decision:   May 9, 2020

Result (attach a copy of the court's opinion or order, if available):   Per Curiam Affirmed

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:




(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you
have used to exhaust your state remedies on Ground Two :



**GROUND THREE:**   "See attachment on next page"

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
"See attachment on next page"

C. Ground Three: Petitioner's 6th US constitutional Amendment right was violated by trial counselor's failure to move to sever the two charges before proceeding to trial

1. Supporting facts (brief statement without citing cases or law):

   Defense counselor did not pursue any pretrial motions what so ever. Petitioner was charged with two charges with the same underlying conclusion having on charge assist the other so the jury would have little or no difficulty linking the two charges: (1) Attempted First Degree Murder and (2) violation of an Injunction, together. It was undisputed at trial that petitioner was in contact with the victim. Petitioner openly testified that he violated the Injunction order because he wanted to talk with his daughter's mother so he can see his daughter before he left Florida. The prosecution introduced testimony of prior problems between the victim and the petitioner before the fact finders. The fact finder's heard testimony related to a separate dispute unrelated to the alleged stabbing incident. When petitioner took the stand in his defense the results of the joined charges to be tried were already submitted before the jury. No where in any of the pretrial and trial transcripts did the victim testify any indication of what the dispute was concerning Related to the alleged altercation. Judge Larry Helm's reason for denying petitioner's third claim raised in his 3.850 motion stating that; "the injunction added new road blocks to petitioner's ability to see his daughter," was only concluded after the fact trial was over but not before. Therefore, it is only speculation.

AO 241 (Rev. 09/17)

(b) If you did not exhaust your state remedies on Ground Three, explain why: _____

_____

_____

**(c)**     **Direct Appeal of Ground Three:**

(1) If you appealed from the judgment of conviction, did you raise this issue?     ☐ Yes     ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: _this issue is_
_appropriate for a 3.850 post-conviction Relief motion_

**(d)**     **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes     ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _A Rule 3.850 post-conviction Relief motion_

Name and location of the court where the motion or petition was filed: _The Circuit Court_
_of the 10th Judicial Circuit in and for Polk County FL / Bartow FL_

Docket or case number (if you know): _CF16-007789_

Date of the court's decision: _May 28, 2019_

Result (attach a copy of the court's opinion or order, if available): _Denied in full after_
_adopting the State's show cause argument_

(3) Did you receive a hearing on your motion or petition?     ☐ Yes     ☒ No

(4) Did you appeal from the denial of your motion or petition?     ☒ Yes     ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?     ☒ Yes     ☐ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _The District Court of Appeal_
_2nd District in and for Lakeland, Florida_

Docket or case number (if you know): _2D19-2471_

Date of the court's decision: _May 9, 2020_

Result (attach a copy of the court's opinion or order, if available): _Per Curiam Affirmed_

_____

_____

AO 241 (Rev. 09/17)

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_____

_____

_____

(e)  **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you

have used to exhaust your state remedies on Ground Three: _____

_____

_____

**GROUND FOUR:** _"See attachments on next page"_

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

"See attachments on next page"

_____

_____

_____

_____

_____

_____

(b) If you did not exhaust your state remedies on Ground Four, explain why: _____

_____

_____

_____

(c)  **Direct Appeal of Ground Four:**

(1) If you appealed from the judgment of conviction, did you raise this issue?   ☐ Yes   ☒ No

(2) If you did not raise this issue in your direct appeal, explain why: _Appointed appeal counselor_
_filed an Anders Brief and this issue is appropriate for a_
_3.850 post-conviction Relief motion_

(d)  **Post-Conviction Proceedings:**

(1) Did you raise this issue through a post-conviction motion or petition for habeas corpus in a state trial court?

☒ Yes   ☐ No

(2) If your answer to Question (d)(1) is "Yes," state:

Type of motion or petition: _A Rule 3.850 post-conviction Relief motion_

Page 11 of 16

D. Ground Four: Petitioner's 6th U.S. Constitutional Amendment right was violated because of the State prosecutor's and FDLE official's commiting a Giglio violation by relying on hearsay testimony, inadmissable evidence, and conflicting statement's to prove their burden of proof beyond a reasonable doubt.

1. Supporting facts:

The State prosecutor, defense counselor, and FDLE official's knew the following facts before proceeding to trial: (1) That several investigation searches were conducted around the crime scene area on several different occasions and by several FDLE official's but nothing was foond not even any blood outside bussiness Superior Screen Printing. (2) That the alleged discovered weapon was claimed found by the store owner of Superior Screen Printing near the crime scene six days after the incident. (3) They knew that because this alleged discovered weapon was reported to have been personally handed to officer Hammersla and not left in it's alleged discovered location that the weapon was at the time inadmissable. (4) They knew the alleged discovered weapon had no visible blood on it. (5) They knew the discovered weapon was not tested or sent to forensic officials unlike detective Sealey stated in his narrative report that he "was going to request and complete a DNA test to be done on the recovered weapon." (6) They knew on September 19, 2016, the victim did not identify what the alleged crime weapon looked like in full detail during her interviews with officer David Bell or her first interview with the detectives while at the hospital. (7) They knew however, on September 27, 2016, eight days after the incident and the alleged crime weapon was reported found that the victim during he second interview with detective's was when she first stated that the identity of the weapon was a 3" inch blade, silver with a

black handle. ('8) They knew that their reason for "dropping the ball," in failing to submit the alleged recovered weapon for DNA testing, stating that the rain during the six days it took to be discovered, may have caused it to be wiped clean, or had it's forensic value diminished by the weather; was an inadequate reasoning and conclusion. But the prosecution and FDLE officials used it any way and it went unchallenged. (9) They knew that the victims hospital nurse determined that her first injurie to her leg was a (small) wound with some blood stain around the area on the victim's buttock/leg. Her hospital nurse determined her second two injuries to her right breast were actually (two small cuts) not stab wounds. Also that the victim had one 3"inch scrape on the mid-back (left side) with a small abrasion, beneath the scrape and on a"inch open woond on her left tricep. All wounds were determined non life-threatening; nor severe Injuries. (10) They knew at first officer Bell after reviewing the victim's injuries, ruled out Attempted Murder charges. (11) They knew during the victim's second interview with detective's was when she first stated that "the 3"inch blade," when deep inside her flesh and hit her leg bone before petitioner pulled it out and proceeded to stab her in her right breast. That what caused the knife to bend. (12) They knew the victim's interview statements with detectives on September 27, 2016, played an important reason/enssential elements in the State's decision to amend petitioner's current charge of Aggravated Battery to Attempted First Degree Murder charges. However, there are no hospital/medical records sought to support the victims statement on injuries, nor to support the like manner she claim the weapon was used, nor the victims trial testimong/hearsay statement stating for the first time that she recieved "14 stitches." But the prosecution submitted these statements and evidence as concert evidence before the fact finders. Defense Counselor did not investigate into them, refote them, or challenge them before proceeding to trial or before the fact finders.

AO 241 (Rev. 09/17)

Name and location of the court where the motion or petition was filed: _The Circuit Court of_
_the 10th Judicial Circuit in and for Polk, County FL / Bartow, FL_

Docket or case number (if you know): _CF16-007789_

Date of the court's decision: _January 8, 2019_

Result (attach a copy of the court's opinion or order, if available): _Denied_

(3) Did you receive a hearing on your motion or petition?                        ☐ Yes   ☒ No

(4) Did you appeal from the denial of your motion or petition?                   ☒ Yes   ☐ No

(5) If your answer to Question (d)(4) is "Yes," did you raise this issue in the appeal?   ☐ Yes   ☒ No

(6) If your answer to Question (d)(4) is "Yes," state:

Name and location of the court where the appeal was filed: _The District Court of Appeal_
_2nd District in and for Lakeland, Florida_

Docket or case number (if you know): _2D19-2471_

Date of the court's decision: _May 9, 2020_

Result (attach a copy of the court's opinion or order, if available): _Per Curiam Affirmed_

(7) If your answer to Question (d)(4) or Question (d)(5) is "No," explain why you did not raise this issue:

_Petitioner pursued specific discovery documents which trial counselor did_
_not make available in order to support this issue. However, after petitioner_
_received that information he found Newly discovered evidence relevant and_
_material to this issue, which petitioner filed in his 2nd claim raised in_
_his 3.850(b)(1) motion arguing a State v. Burton violation occurred._
_Issues raised in the circuit court are supposed to be de-novo reviewed._

(e)   **Other Remedies:** Describe any other procedures (such as habeas corpus, administrative remedies, etc.) that you have used to exhaust your state remedies on Ground Four:

E  Ground Five:  Petitioner's 6th U.S. Constitutional Amendment right was violated by defense counselor's failure to pursue and present hospital/medical records to refute and challenge the victim's statement on injuries before proceeding to trial.

1. Supporting facts:

At the scene the victim's wounds were at first being attended to by paramedics. While officer David Bell, was taking her statement. The victim's hospital nurse, after treating the victim's injuries determined her wounds to her leg/buttock; and her breast area were small cuts not severe  stab wounds. Also the victim's hospital nurse determined her injuries to her upper arm was a two inch open wound and she had one small abrasion beneath a three inch scrape located on her midback. The victim was offered emergency shelter but she refused it. The victim was released from the hospital within hours of her arrival on the same night. Officer David Bell, determined, after he reviewed the victim's injuries, and gathered statements, there was probable cause to arrest petitioner on charges of Aggeravated Battery and Violation of an injunction order not Attempted Murder charges. The victim's clothes: her Subway outfit, apron, bra, socks, and shoes were taken into evidence but were not investigated for holes, blood, or any DNA evidence. Detectives during their second interview with the victim on September 27, 2016, collected the essential elements needed in order to press charges for Attempted First Degree Murder well after the alleged incident occured. No hospital records or Medical records were pursued or presented in the case concerning the victim's wounds, nor the nature in which the victim claimed her injuries were caused. The State's witnesses: Mr. Yule, Mr. Macaluso, and Ms. Shelnut all made inconsistent statements at trial

which were in conflict with their prior statements made to the detectives concerning what they witnessed and the chronological order in which they claimed the altercation occured. These conflicting statements and the victim's wounds went unexposed and unchallenged before the fact finders. Therefore, it was undisputed the victim was brutally stabbed several times. Defense Counselor never objected to the victim's uncorroborative evidence stated she received "14 stitches." Defense Counselor never preserved or showed any exculpatory evidence, nor did he call any other witnesses except the petitioner on behalf of the defense.

2. Did you raise this claim in state court by direct appeal?
☐ Yes   ☒ No

If you did not raise this claim, explain why:   This issue is appropriate for a 3.850 post-conviction Relief motion and an Anders Brief was filed by appointed direct appeal counslor arguing no issues.

3. Did you raise this claim in a Rule 3.850 motion or petition?
☒ Yes   ☐ No

If yes, explain how it was raised (type of petition):
A Rule 3.850 post-conviction Relief motion

a. Name and location of the court where the motion or petition was filed:   The 10th Judicial Circuit Court in Bartow, Florida

b. Case # (if known): CF 16-007789

c. Date of Decision: May 1, 2019

d. Result:   Denied

4. Did you receive a hearing on your motion or petition?
☐ Yes   ☒ No

5. Did you appeal from the denial of your motion or petition?
☒ Yes   ☐ No

6. Was Ground Five raised in your appeal?
☒ Yes   ☐ No

a. If not raised in your appeal, why not?


b. Identify the name and location of the court where appeal was filed:   The District Court of Appeal 2nd District in and for Lakeland, Florida

c. Case # (if known): 2D19-2471

d. Date of Decision: May 9, 2020

e. Result: Per Curiam Affirmed

7. Identify any other way in which you exhausted state remedies for Ground Five:   Filed a rehearing motion in the circuit court and a rehearing/written opinion motion with the 2nd District Court of Appeal.

Ground Six: Petitioner's 6th US Constitutional Amendment right was violated because Trial Counselor gave erroneous and misleading advice that lead to a rejection of a favorable plea bargain offer. Based on Newly discovered evidence that defense counselor actually did not take the adequate or reasonable steps to preserve the pre trial discovery deposition recordings before proceeding to trial.

Supporting facts (brief statement without citing cases or law)

On September 19, 2016, officer David Bell investigated an incident that occured outside bussiness Superior Screen Printing. Upon officer David Bell's investigation process he gathered information from Ms. Shelnut and Mr. Yule. Then after officer Bell reviewed the victims injories, he determined there was first probable cause to arrest petitioner on charges of Aggeravated Battery and violation of an injunction order. On September 20, 2016, lead detectives, held interviews with Mr. Yule and Mr. Macaluso for their first time at the State Attorney's office. On September 27, 2016, the detectives for their second time interviewed the victim Ms. Shelnut. In Ms. Shelnut's interview she stated in full detial for the first time the like manner in which petitioner used the alleged crime weapon on her and the chronological order in which she claimed the altercation between her and petitioner occured. After detective's gathered this information from Ms. Shelnut officer Edward Sealey on September 28, 2016, delivered the information to the State Attorney's office. Upon the state receiving this information they decided to Amend petitioner's current charge of Aggeravated Battery to Attempted First Degree Murder charges. Defense Counselor Mr. Shama visited petitioner twice to speak about the State's first two plea offers and to establish a defense. After petitioner decided to reject the State's thirty (30) and twenty-five (25)

year plea offers defense Counselor, on January 6, 2017, deposed State's chief witness Ms. Shelnut. Then on March 10, 2017, defense counselor held his second deposition of the State's witnesses Mr. Yole, Mr. Macaluso, and again Ms. Shelnut. After these depositions were held, defense Counselor informed the court immediately that the defense was ready to proceed their case for trial. During petitioner's preliminary hearing process the State offered two more significantly reduced plea offers. The first reduced plea offer the State submitted petitioner after the discovery depositions were held was an eleven (11) year offer on June 26, 2017. After petitioner rejected this plea offer State prosecutor requested his 4th extention asking for more time to prepare his case for trial. Judge Carpanini after carefully considering prosecutor's extention request decided to grant the State a week to prepare. On July 3, 2017, minutes before petitioners jury selection were to be held the State submitted their second reduced plea offer of seven (7) years for considersation. Upon petitioner receiving this seven (7) year plea bargain offer for the first time he consulted with defense Counselor. Also, after petitioner was shown photos of the victim's injuries he decided to turn down the State seven (7) year plea offer. Senior Judge Dick Prince, after jury selection rescheduled petitioners trial date to July 5, 2017, because of the intervening 4th of July holiday. During petitioner's trial by jury the State's wintesses Mr. Yole, Mr. Macaluso, and Ms. Shelnut all made inconsistent statements which were in conflict with their prior statements given to the detective's concerning what they alleged, they witnessed and concerning the chronological order in which they claimed the altercation took place. Defense Counselor allowed these conflicting statements to go unchallenged and unexposed before the fact finders. Defense Counselor presented no evidence or exhibits to refute the State's case in chief, nor called any witnesses other than the petitioner on behalf of the defense.

Defense counselor pursued no pretrial motions what so ever and the victim's statement on injuries went undisputed. They were portrayed as brutal stabbings before the fact finders that could have caused the victim's death. Defense counselor raised a J.O.A. stating the State failed to prove a prima facie case but included no supporting evidence. Petitioner was thereby, found with ease, guilty as charged for Attempted First Degree Murder and violation of an injunction order which the state tied together. Petitioner was on August 16, 2017, sentenced to a term of (30) years for Attempted First Degree Murder and time served for violation of an injunction order. During petitioner's two year time period to file all ineffective assistance of counsel claims and while petitioner's first 3.850(a) motion was pending in the district court of Appeal several requests were filed asking for these specific discovery documents: (1) Any and all documents regarding and relevant to the pretrial deposition interviews which trial counselor sought and held. (2) Any and all documents regarding hospital and medical records involved in the case. (3) Any and all documents concerning what all evidence was listed and witnesses listed involved in the case. However, defense counselor would not respond in a reasonable amount of time and petitioner filed a Writ of Mandamus on December 4, 2019, requesting the circuit court's assistance in getting Mr. Shama to comply. On January 27, 2020, Judge Larry Helms ordered Mr. Shama to show cause. Then on March 19, 2020, in Mr. Shama's show cause response he submitted newly discovered evidence which petitioner was unaware of before he decided to proceed his case to trial.

This newly discovered evidence defense counselor submitted was: (1) that defense counselor held all the pretrial depositions on a hand held audio tape recording device. (2) defense counselor took no written notes for any of the depositions. (3) The depositions were not taken in the presence of a court reporter and were never transcribed.

(4) Defense Counselor lost the deposition recordings and contacted the State Attorney's Officer but was informed they do not have recordings of the State's witnesses deposition interviews either. On January 5, 2021, petitioner filed a timely 3.850 (b)(1) motion and attached a declartion-of-facts Memorandum in supporting his Two claims and in an effort to gain defense Counselors acknowledgement of the Conversation that occured outside the courtroom before jury selection on July 3, 2017.

2. Did you raise this claim in State court by direct appeal?
   ☐ Yes   ☒ No

If you did not raise this claim, explain why: Appointed Appeal Counselor filed an Anders Brief. Also this is Newly discovered evidence which petitioner was never made aware of that the time

3. Did you raise this claim in a Rule 3.850 motion or otherwise?
   ☒ Yes   ☐ No

If yes, explain how it was raised (type of petition):
   A Rule 3.850 (b)(1) post-Conviction Relief motion

a. Name and location of the court where the motion or petition was filed:   The 10th Judicial Circuit Court in Bartow, F.L.

b. Case # (if known): CF 16-007789

c. Date of Decision: July 9, 2021

d. Result: Denied

4. Did you receive a hearing on your motion or petition?
□ Yes   ☒ No

5. Did you appeal from the denial of your motion or petition?
☒ Yes   □ No

6. Was Ground Six raised in your appeal?
☒ Yes   □ No

a. If not raised in your appeal, why not?

b. Identify the name and location of the court where appeal was filed:   The District Court of Appeal 2Nd District in and for Lakeland, Florida

c. Case # (if known): 2D21-2473

d. Date of Decision: February 4, 2022

e. Result:   Per Curiam Affirmed

7. Identify any other way in which you exhausted state remedies for Ground Six:


Ground Seven: Petitioner's 6th U.S. Constitutional Amendment right was violated by trial counselor and State prosecutor who committed an unlawful act of Collusion and deception (State v. Burton) violation. Based on newly discovered evidence of the spoliational aspects regarding their lost or destruction of the pretrial discovery deposition recorded interviews.

Supporting facts ( brief statement without citing cases or law):

On September 19, 2016, after officer David Bell investigated into the alleged incident, he gathered information and reviewed the victim's injuries, he determined at first that there was probable cause to arrest petitioner on charges of Aggravated Battery and violation of an injunction order, but not Attempted Murder Charges. On September 27, 2016, eight (8) days after the alleged altercation occured, the lead detectives interviewed the victim for their second time, but this time on record. Therein the Victim's interview with the detectives she stated for the first time, in full detial, the following information: (1) the identity of the alleged recovered crime weapon; (2) the nature of the weapon used against her; (3) the manner which the weapon caused her injuries, and (4) the chronological order in which the altercation occured. After detectives collected this information from the victim, they, On September 28, 2016, contacted the State Attorney's Office and upon receiving this information decided to Amend petitioner's current charge to Attempted First Degree Murder. Defense Counselor Mr. Shama investigation into the State's case began with his first step: The deposition of the State's cheif witness Ms. Shelnut which was held on January 6, 2017. Next, on March 10, 2017, the defense counselor sought and held depositions of the State's witnesses Mr. Yule, Mr. Macaluso, and again Ms. Shelnut. After defense counselor took these depositions he immediately informed the court and the prosecution that the defense was ready to proceed with their case to trial. However, the State's confidence was undermined because before the depositions were taken the State's first two plea offers were; a thirty (30) and a twenty-five (25) year plea offers but after the depositions were held the state offered two significally reduced plea offers for petitioner to consider. The first reduced plea offer the state submitted on June 26, 2017, was a eleven (11) year offer which was rejected. Immediately after petitioner rejected this eleven (11) year plea offer before Judge Carpanini, the State prosecutor requested his 4th extention asking again for more time to prepare his case for trial. This 4th extention

After being carefully considered was granted and the state was give a week to prepare their case for trial. On July 3, 2017, before jury selection was to be held, the state submitted their second reduced plea offer of seven (7) years for petitioner to consider. Upon petitioner receiving this seven (7) year plea offer a conversation occured between him and defense counselor Mr. Shama outside the courtroom. After petitioner consulted with his trial counselor and for the first time reviewed photos of the injuries alleged injuries petitioner to reject the State's seven (7) year plea offer and exercise his right to a fair trial. After jury selection was held Senior Judge Dick Prince rescheduled petitioner's trial date to July 5, 2017, because of the intervening 4th of July hoilday. No pretrial motions were ever sought or filed.

In petitioner's trial defense Counselor produced no exhibit evidence, nor called any witnesses on behalf of the defense but petitioner. Mr. Shama did not refute or exposse the state's witnesses Mr. Yule's, Mr. Macaluso's, and Ms. Shelnut's inconsistent statements that were in conflict with the prior statements made to the detectives which lead the prosecution to Amend petitioner's current charge Aggeravated Battery to Attempted First Degree Murder. Thereby, defense Counselor allowed the State's case and evidence to go without challenge as well as the victim's injuries, the victim statement on injuries, and the nature of the weapon on how it was used and caused her injuries; all went undisputed before the fact finders. Therefore with ease the State satisfied the essential elements needed to paint a picture in the jury's mind that petitioner because of the injunction order acted in a premeditated manner designed to kill the victim by brutally stabbing her with the said knife several times but failed in the Attempt. On August 16, 2017, petitioner was sentenced to a term of thrity (30) years in prison on Attempt First Degree Murder charges. After petitioner's direct appeal counselor filed a Anders Brief appeal counselor sent all discovery case records involved in the case to petitioner.

During petitioner's two year time period to file all his "ineffective assistance of counsel," claims; petitioner filed several requests looking for these specific discovery documents: (1) Any and All documents regarding the pretrial depositions trial counselor held; (2) Any and All hospital/medical and lab records involved in the case; and (3) Any and All evidence listed and witnesses listed involved in the case. However, defense Counselor Mr. Shama did not respond in a reasonable amount of time so petitioner filed a writ of Mandamus asking for the lower tribunial court's assistance in getting Mr. Shama to comply and send these discovery documents. On January 27, 2020, the lower tribunial court ordered Mr. Shama to a "show cause order," and on March 19, 2020, Mr. Shama finally complyed. Therein Mr. Shama's show cause response he stated for the first time New evidence which the petitioner argued he was unaware of before he chose to proceed to trial. This Newly discovered evidence trial counselor rendered was: (1) that the depositions were not taken by or in the presence of a court reporter and never were transcribed; (2) that defense Counselor took no written notes for any of the depositions; (3) Audio recordings were made of all the depositions on a hand held device but were lost. Defense counselor contacted the office of the State Attorney and was informed that they do not have recordings of the state's witnesses depositions either. After petitioner received this Newly discovered evidence stating more specifically that defense Counselor actually never took the adequate and reasonable steps to preserve the defense's only gathered pretrial investigation evidence, "the pretrial depositions," before proceeding to trial; petitioner On January 5, 2021, filed a timely 3.850 (b)(1) motion attaching a declaration-of-facts Memorandum in order to support his two claims raised. Also, in order to gain defense Counselor Mr. Shama's acknowledgement that: (1) the following occasions occured before trial and likewise (2) the following conversation took place before jury selection outside the courtroom on July 3, 2017.

2. Did you raise this claim in the state court by direct appeal?
☐ Yes   ☒ No

If you did not raise this claim, explain why:   This issue is appropriate for a 3.850 motion and this issue is relvant to Newly discovered evidence which petitioner was unaware of that the time.

3. Did you raise this claim in a Rule 3.850 motion or petition?
☒ Yes   ☐ No

If yes, explain how it was raised (type of petition):   A Rule 3.850 (b) (1) post-conviction motion

a. Name and location of the court where the motion or petition was filed:   The 10th Judicial Circuit Court in Bartow, FL

b. Case# (if known): CF 16-007789

c. Date of Decision: July 9, 2021

d. Result: Denied

4. Did you receive a hearing on your motion or petition?
☐ Yes   ☒ No

5. Did you appeal from the denial of your motion or petition?
☒ Yes   ☐ No

6. Was Ground Seven raised on appeal?
☐ Yes   ☒ No

a. If not raised in your appeal, why not? Because issues raised in the circuit court are supposed to be de-novo reviewed by the District court

b. Identify the name and location of the court where appeal was filed: The District Court of Appeal 2nd District in and for Lakeland, Florida

c. Case # (if known): 2D21-2473

d. Date of Decision: February 4, 2022

e. Result: Per Curiam Affirmed

7. Identify any other way in which you exhausted state remedies for Ground Seven: Filed a rehearing motion in the circuit court

AO 241 (Rev. 09/17)

13.  Please answer these additional questions about the petition you are filing:

    (a)  Have all grounds for relief that you have raised in this petition been presented to the highest state court

        having jurisdiction?  ☒ Yes  ☐ No

        If your answer is "No," state which grounds have not been so presented and give your reason(s) for not

        presenting them: _____

        _____

        _____

        _____

    (b)  Is there any ground in this petition that has not been presented in some state or federal court?  If so, which

        ground or grounds have not been presented, and state your reasons for not presenting them:

        _____

        _____

        _____

14.  Have you previously filed any type of petition, application, or motion in a federal court regarding the conviction

    that you challenge in this petition?  ☐ Yes  ☒ No

    If "Yes," state the name and  location of the court, the docket or case number, the type of proceeding, the issues

    raised, the date of the court's decision, and the result for each petition, application, or motion filed.  Attach a copy

    of any court opinion or order, if available. _____

    _____

    _____

    _____

    _____

    _____

    _____

15.  Do you have any petition or appeal now pending (filed and not decided yet) in any court, either state or federal, for

    the judgment you are challenging?  ☐ Yes  ☒ No

    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues

    raised. _____

    _____

    _____

    _____

    _____

AO 241 (Rev. 09/17)

16.    Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing:

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

17.    Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    ☐ Yes  ☒ No

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any petition that challenges the judgment or sentence to be served in the future?    ☐ Yes  ☒ No

18.    TIMELINESS OF PETITION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition.*

When petitioner's one year time limitation began, petitioner filed several motions in the circuit court and followed up in the district court in order to stop this one year time period. Also due to the covid-19 lockdown petitioner was restricted from studying/researching in the prison law library for

AO 241 (Rev. 09/17)

approximently six (6) months after the district court on July 24, 2020, filed a mandate finalizing petitioner's 1st 3.850 process. Petitioner next on January 5, 2021, filed his 3.850 (b) (1) motion in the circuit court which was denied on July 9, 2021. Then on July 30, 2021, petitioner filed a direct appeal notice followed by an intial brief. On March 4, 2022, the district court filed petitioner's mandate regarding his 3.850 (b) (1) appeal process and therefore, restarted petitioner's one year limitation period to file his federal Habeas Corpus.

    However, if this honorable court deems this above reasoning is unacceptable then at the very least petitioner should have two and a half months left to file his Federal Habeas Corpus after the district court on March 4, 2022, filed a mandate finalizing petitioner's 3.850 (b) (1) appeal process.

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2244(d) provides in part that:

  (1)    A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -

      (A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

      (B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;

      (C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

      (D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

AO 241 (Rev. 09/17)

(2)    The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Therefore, petitioner asks that the Court grant the following relief: A new trial; vacate the Conviction and/or Sentence; grant petitioner a chance to reconsider the State's Seven (7) year plea offer and at the very least grant an evidentuary hearing or any other relief to which petitioner may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for Writ of Habeas Corpus was placed in the prison mailing system on April 7, 2022 (month, date, year).

Executed (signed) on April 7, 2022 (date).

_____

Signature of Petitioner

If the person signing is not petitioner, state relationship to petitioner and explain why petitioner is not signing this petition.

_____

_____

_____

_____

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

STATE OF FLORIDA,

        Plaintiff,

v.                                   CASE NO.: 16CF-7789-XX

JOSHUA LEE DAY,

        Defendant.

_____/

## ORDER ON DEFENDANT'S *MOTION FOR POST-CONVICTION RELIEF 3.850*
## AND
## ORDER TO SHOW CAUSE

      This matter came before the Court upon Defendant's *Motion for Post-Conviction Relief 3.850* filed on November 1, 2018. Upon consideration, the Court finds as follows:

Defendant's motion consists of four grounds alleging ineffective assistance of counsel:

1) Counsel was ineffective for failing to call defense witnesses;
2) "The trial court never proved beyond a reasonable doubt every element of the crime [for] which Defendant was charged";
3) Counsel was ineffective for failing to move to sever the two charges in the case; and
4) An alleged "Giglio Violation" asserting that the State relied on "tainted and changed evidence" that refuted Defendant's innocence.

## FINDINGS OF FACT:

      Defendant was charged by Information of one count of Attempted First-Degree Murder with a weapon, a life felony, and one count of Violation of an Injunction for Protection against Domestic Violence, a first-degree misdemeanor. On July 15, 2017, after a jury trial, the jury found Defendant guilty of both counts. Defendant was sentenced on August 16, 2017, to thirty years' prison on Count One and to time served on Count Two. A per curiam affirmance of

c- deft, SAO
)

Defendant's appeal issued on June 6, 2018, as did a mandate from the appellate court on July 3, 2018.

At trial, the victim testified that she was walking near a business when the Defendant approached her and began stabbing her (Trial Transcript, pp. 31, 33). She entered the business (p. 37). Store personnel testified that they saw the victim bleeding and also saw the Defendant who ran away (p. 57, 69, 75-76, 79, 84, 90-91). A knife the victim identified was found outside the store six days later p. 101, 125). It had been raining during those six days (p. 102, 125). At trial, the officers admitted never having submitted the knife for any forensic testing (p. 105, 126-127).

At the close of the State's case, defense counsel moved for a judgment of acquittal, which was denied. In his "Statement of Judicial Acts to be Reviewed," defense counsel asserted as a possible issue the "[f]ailure to allow verdict contrary to the greater weight of the evidence to stand."

## CONCLUSIONS OF LAW:

### Ground One:

Defendant argues that trial counsel was ineffective for making no effort to "investigate, depose, seek, or interview potential witnesses (Florida Department of Law Enforcement) [FDLE]" on his behalf. Defendant claims that "BUT FOR" this deficient performance under Strickland v. Washington, 466 U.S. 668 (1984), "the outcome of the trial would have been different." The complaint later shifts to counsel's failure to ask for a "forensic reenactment" and to "test the State evidence."

The Defendant claims that FDLE personnel would have testified to "the lack of any forensic evidence linking the knife submitted as an exhibit during trial." This Court infers that Defendant means that the knife would not be linked to him.

Testimony showed that the knife was found near the scene of the stabbing six days after the incident (p. 101, 125). The knife had no visible blood on it (p. 105). It had been raining a lot during the intervening six days (p. 102, 125). The knife was not tested or sent to FDLE.

Officers Hammersla and Sealey were unclear as to which of them had authority to submit the knife to FDLE, but neither did (p. 104-105, 126-127)

"A claim of ineffective assistance of counsel based on counsel's failure to investigate witnesses must include: 1) [his] identification of the witness(es) who would have testified; 2) the substance of the witnesses' testimony; and 3) a description of the prejudice suffered due to the omission of the witness's testimony at trial. Tyler v. State, 793 So. 2d 137 (Fla. 2nd DCA 2001). The Defendant does not explain how he knows FDLE personnel would testify as he says they would. However, this Court does not expect Defendant to know the names of specific FDLE officers who might have testified. Nor can the Court summarily deny this claim based on Tyler. **A response from the State is warranted as to why the Defendant does not merit an evidentiary hearing as to Ground One.**

**Ground Two:**

Here the Defendant complains that "the trial court" failed to prove "every element" of Defendant's charges "beyond a reasonable doubt." The trial court, of course, had no such burden. On the bottom of page fifteen of his motion, Defendant more correctly asserts that "the State has failed to produce a prima-facie case of burden of proof."

Defendant acknowledges that his attorney, however perfunctorily, made a motion for judgment for acquittal alleging the State's failure to prove a prima facie case. (Trial transcript, p. 130). This issue was also raised for appellate counsel's consideration in the "Statement of Judicial Acts to be Reviewed." The State's failure to prove its case is an issue for the appellate court, not a 3.850 motion. Accordingly, Ground Two is **DENIED.**

**Ground Three:**

The Defendant claims that the defense counsel was ineffective for failing to move to sever the violation of injunction count from the attempted murder count.

At trial, it was undisputed that the Defendant was in contact with the victim (p. 154). They were both seen by store personnel, and the Defendant openly testified that he violated the

injunction because he wanted to talk to the victim on the date in question (p. 57, 69, 75-76, 79, 84, 90-91, 154).

Ineffective assistance of counsel claims based on counsel's failure to sever charges is appropriately addressed in post-conviction proceedings pursuant to Fla. R. Crim. P. 3.850. Brown v. State, 604 So. 2d 20 (Fla. 1st DCA 1992).

Because the counts were not severed, the State by necessity introduced testimony of prior problems between the victim and Defendant. This evidence might have been excluded had Count One been tried separately. This Court cannot conclude, at this time, that the Defendant was not prejudiced by counsel's failure to move to sever the two counts. Andre v. State, 114 So. 3d 413 (Fla. 4th DCA 2013). **A response from the State is warranted as to why the Defendant does not merit an evidentiary hearing as to Ground Three.**

**Ground Four:**

To establish a Giglio violation, the defendant must prove three things: 1) that testimony was false; 2) that the prosecutor knew it was false; and 3) the testimony was material. The Defendant makes a number of incriminating accusations of the prosecutor, but they are all conclusory: the "Plaintiff" knew of and deliberately withheld exculpatory information; the prosecutor knew of the victim's inconsistent statements and knew the "false evidence of the knife and wounds" deliberately deceived the court; used (though apparently did not solicit) undescribed false evidence. Nowhere does the Defendant state what evidence was false; how the State knew it was false; or how the Defendant knows the State knew it was false. To the extent the Defendant states that his counsel failed to "openly challenge the state's (sic) case with proper objections", this is a similar issue to that addressed in Ground One.

Ground Four is **DENIED.**

Based on the above, it is **ORDERED AND ADJUDGED** as follows:

1) **The State shall have sixty (60) days to show cause why the Defendant is not entitled to an evidentiary hearing on Grounds One and Three.**

2) Grounds Two and Four are **DENIED.**

3) The Court retains jurisdiction until a Final Order has been entered.  Defendant may not appeal until such time as a Final Order has been entered.

**DONE AND ORDERED** at Bartow, Polk County, Florida, this ____ day of

January, 2019.

_____
LARRY HELMS, Circuit Judge

Copies furnished to:
-Joshua Lee Day, DC# H51182, Suwannee C.I. Annex, 5964 U.S. Highway 90, Live Oak, FL 32060
-Victoria J. Avalon, Esq., Assistant State Attorney

LH/jmp

---

**I HEREBY CERTIFY** the foregoing is a true copy of the original as it appears on file in the office of the Clerk of the Circuit Court of Polk County, Florida, and that I have furnished copies of this order and its attachments to the above-listed parties on this ____ day of

January , 2019.

**CLERK OF THE CIRCUIT COURT**

By: _____
                        *Deputy Clerk*

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

STATE OF FLORIDA,

          Plaintiff,

v.                                   CASE NO.: 16CF-7789-XX

JOSHUA LEE DAY,

          Defendant.

_____/

**ORDER ON DEFENDANT'S *MOTION FOR EXTENSION OF TIME, MOTION FOR LEAVE TO AMEND MOTION FOR POST-CONVICTION RELIEF* AND STATE'S *MOTION TO STRIKE AND/OR DENY DEFENDANT'S MOTION FOR LEAVE TO AMEND MOTION FOR POSTCONVICTION RELIEF***

       **This matter** came to be considered upon Defendant's *Motion for Extension of Time* filed on February 11, 2019, *Motion for Leave to Amend Motion for Postconviction Relief* filed on February 19, 2019, pursuant to Fla. R. Crim. P. 3.850(e), and the State's *Motion to Strike and/or Deny Defendant's Motion for Leave to Amend Motion for Postconviction Relief* filed later in the day on February 19, 2019. Based upon a review of the court file and applicable case law, the Court finds a follows:

       Defendant filed his original *Motion for Postconviction Relief 3.850* on November 1, 2018. He raised four grounds of ineffective assistance of counsel. This Court, on January 8, 2019, issued an Order to Show Cause requiring the State to show why Defendant was not entitled to relief on Grounds One and Three. The State filed its response to the Court on January 22, 2019, and this Court's final order is still pending.

       Defendant's current Motion raises a new ground of ineffective assistance of counsel. He now claims that counsel was ineffective for failing to investigate evidence of the victim's injuries before and at trial. The State's Motion cites to the Florida Rule of Criminal Procedure[1] stating that a postconviction relief motion cannot be amended after the entry of an order directing an answer to the motion pursuant to 3.850(f)(6).

---

[1] Fla. R. Crim. P. 3.850(e).

1

This Court agrees with the State. This Court's order of January 8, 2019, directing the State to answer its Rule to Show Cause predated Defendant's current Motion filed on February 19, 2019. Defendant's Motion is untimely according to Fla. R. Crim. P. 3.850 (e).

Even had Defendant's motion been timely, it does not establish grounds for a determination that such investigation and its results "would have been sufficient to undermine confidence in the outcome" (Defendant's Motion, p. 2). As discussed in this Court's January 8, 2019, order, witnesses testified that they saw the victim bleeding and also saw the Defendant run away. The victim was clearly and severely wounded. Defendant fails to allege what exculpatory value the investigation would have revealed.

Defendant's *Motion for Extension of Time* asked for more time to respond to the State's January 22, 2019, response to this Court's order of January 8, 2019. Defendant's February 19, 2019, Motion renders his request for extension of time moot.

It is therefore **ORDERED AND ADJUDGED** that:

1) Defendant's *Motion for Extension of Time* and *Motion for Leave to Amend Motion for Postconviction Relief* are **DENIED**.

2) The State's *Motion to Strike and/or Deny Defendant's Motion for Leave to Amend Motion for Postconviction Relief* is **GRANTED**.

**DONE AND ORDERED** at Bartow, Polk County, this _____ day of _____ 2019.

_____
LARRY HELMS, Circuit Judge

Copies furnished to:
-Joshua Lee Day, DC# H51182, Suwannee C.I. Annex, 5964 U.S. Highway 90, Live Oak, FL 32060
-Victoria J. Avalon, Esq., Assistant State Attorney

LH/jmp

I hereby certify that copy
of the foregoing order was
mailed to defend... 5/1/19
_____
Deputy Cl...

2

IN THE CIRCUIT COURT OF THE TENTH JUDICIAL CIRCUIT
IN AND FOR POLK COUNTY, FLORIDA

STATE OF FLORIDA,

        Plaintiff,

v.                           CASE NO.: 16CF-7789-XX

JOSHUA LEE DAY,

     . Defendant.

_____/.

## FINAL ORDER DENYING DEFENDANT'S *MOTION FOR POST-CONVICTION RELIEF 3.850*

      This matter came before the Court upon Defendant's *Motion for Post-Conviction Relief 3.850* filed on November 1, 2018. The Court entered an Order to Show Cause on January 18, 2019, regarding Defendant's first and third claims.[1] The State Attorney filed it response on January 22, 2019. Upon consideration of the filings, the case record, and applicable case law, the Court finds as follows:

### FINDINGS OF FACT:

      Defendant was charged by Information of one count of Attempted First-Degree Murder with a weapon, a life felony, and one count of Violation of an Injunction for Protection against Domestic Violence, a first-degree misdemeanor. On July 15, 2017, after a trial, the jury found Defendant guilty of both counts. Defendant was sentenced on August 16, 2017, to thirty years' prison on Count One and to time served on Count Two. A *per curiam* affirmance of Defendant's appeal issued on June 6, 2018, as did a mandate from the appellate court on July 3, 2018.

      At trial, Kayla Shelnut testified that she had a three-year-old child with Defendant (Trial Transcript, p. 27). She also had an injunction entered against Defendant three days before he stabbed her (p. 27). The injunction prohibited Defendant from going to her residence or employment, and required him to contact Shelnut's mother for supervised visitation with his daughter (p. 28). While walking home from work on September 19, 2016, Defendant ran up

_____

[1] The Court incorporates its findings of fact from the order entered January 18, 2019, into this Order.

1

behind her, said "I got you, bitch," and began stabbing her (p. 31, 33). Shelnut ran into a nearby business and asked for help (p. 37). Store personnel testified that they saw the victim bleeding and also saw the Defendant who ran away (p. 57, 69, 75-76, 79, 84, 90-91). A knife the victim identified was found outside the store six days later (p. 101, 125). It had been raining during those six days (p. 102, 125). At trial, the officers admitted never having submitted the knife for any forensic testing (p. 105, 126-127).

## State's Claim of Procedural Bar:

In its Response to this Court's Order to Show Cause, the State preliminarily argues that the Defendant's Motion is procedurally barred based upon Article I, §16, subsection (10)b. of the Florida Constitution. Assuming arguendo that subsection (10)b, recently approved by the voters during the general 2018 election, is self-executing and applies retroactively, the language of the subsection does not clearly provide for the relief the State has requested—summary denial. The Court concludes that the Motion is not procedurally barred.

## Ground One:

Defendant claims his trial counsel was ineffective for failing to investigate potential witnesses from the Florida Department of Law Enforcement (FDLE). In this case, the State admits in its response to the Order to Show Cause, law enforcement "dropped the ball" in failing to submit the knife for forensic testing. Defendant argues that FDLE would have confirmed a lack of forensic evidence linking the knife to Defendant. The State argues that law enforcement's failure to submit the knife to FDLE established the lack of forensic evidence. The State claims that reiterating this result through an FDLE analyst would be of no value to Defendant's case.

Under Strickland v. Washington, 466 U.S. 668 (1984), to prevail on claims of ineffective assistance of counsel, a defendant must demonstrate first, that counsel's performance was deficient, and second, that the deficiency prejudiced the defendant. See Hodges v. State, 885 So. 2d 338, 345-46 (Fla. 2004). "The first inquiry requires the demonstration of errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. The second prong requires the defendant to show that there is a reasonable

2

probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citing Strickland) (internal quotations omitted).

"A claim of ineffective assistance of counsel based on counsel's failure to investigate witnesses must include: 1) [his] identification of the witness(es) who would have testified; 2) the substance of the witnesses' testimony; and 3) a description of the prejudice suffered due to the omission of the witness's testimony at trial. Tyler v. State, 793 So. 2d 137 (Fla. 2nd DCA 2001).

In continuing to deny guilt, Defendant does not explain how he knows FDLE personnel would testify as he says they would. Even if witnesses testified as Defendant claims, this Court finds that, in this case, the lack of laboratory testing linking Defendant to the knife in evidence was already made clear to the jury. This Court cannot assume that the jury "reasoned" that if the knife was tested it would have been associated with the Defendant. A negative result from FDLE analysis may have been more impressive to the jury, but this is not the same as saying such analysis (and assumed result) would have altered the trial's outcome so as to meet the Strickland standard. This is especially so in light of the fact that the knife, during the week it took to be discovered, may have been wiped clean or had its forensic value diminished by the weather. There is also no question that the victim was stabbed, though perhaps not with the knife in evidence. Defendant's claim as to Ground One is denied.

**Ground Three:**

Defendant claims his trial counsel was ineffective for failing to move to sever his charge of violation of injunction from his attempted murder charge.

"A severance should be granted liberally when prejudice is likely to flow from refusing the severance." State v. Vasquez, 419 So. 2d 1088, 1090 (Fla. 1982).

The State cites Spencer v. State, 645 So. 377 (Fla. 1994), to show that a motion to sever would have been meritless. In Spencer, the defendant did move to sever offenses and the trial court denied the motion. Spencer was charged with the first-degree murder of his wife. Other charges brought in the same information, and tried along with the murder, included attempted first-degree murder and aggravated battery. The latter two charges stemmed from an incident between Spencer and his wife two weeks before the murder. The court held that the two incidents were causally related because they stemmed from the same underlying dispute and involved the same parties.

3

In the present case, the victim testified that she obtained the injunction against Defendant only three days before Defendant stabbed her. They had seen each other in court when the injunction was obtained (p. 31-32). The injunction added new roadblocks to Defendant's ability to see his daughter. This Court finds a causal relationship exists between the stabbing of the victim on September 19, 2016, and her obtaining the injunction on September 16, 2016. Any prejudice was strongly outweighed by the probative value of trying the two charges together in this case. Defendant's claim as to Ground Three is also denied.

Based on the above, it is **ORDERED AND ADJUDGED** as follows:

1) Defendant's claims as to Grounds One and Three are **DENIED.**

2) Defendant's claim as to Grounds Two and Four remain denied as previously ordered.

3) Defendant shall have thirty (30) days from the date of rendition of this Order within which to file a notice of appeal of adverse ruling(s) in this matter.

**DONE AND ORDERED** at Bartow, Polk County, Florida, this 20th day of .

May, 2019.

LARRY HELMS, Circuit Judge

Copies furnished to:
-Joshua Lee Day, DC# H51182, Suwannee C.I. Annex, 5964 U.S. Highway 90, Live Oak, FL 32060
-Jose I. Concepcion, Esq., Assistant State Attorney

LH/jmp

**I HEREBY CERTIFY** the foregoing is a true copy of the original as it appears on file in the office of the Clerk of the Circuit Court of Polk County, Florida, and that I have furnished copies of this order and its attachments to the above-listed parties on this _20th_ day of

_May_, 2019.

CLERK OF THE CIRCUIT COURT

By: _____
. Deputy Clerk

4

Filing # 130358053 E-Filed 07/09/2021 01:52:26 PM

**IN THE CIRCUIT COURT**
**FOR THE TENTH JUDICIAL CIRCUIT**
**IN AND FOR POLK COUNTY, FLORIDA**

STATE OF FLORIDA,

        Plaintiff,

v.                                CASE NO.: CF16-007789-XX

JOSHUA DAY,

        Defendant.
_____/

## ORDER DENYING DEFENDANT'S
### _MOTION FOR POSTCONVICTION RELIEF NEWLY DISCOVERED EVIDENCE_
### _and_
### _PETITION FOR WRIT OF MANDAMUS_

    **THIS MATTER** came before the Court upon Defendant's _Motion for Postconviction Relief_, filed on January 8, 2021, and Petition for Writ of Mandamus, filed on June 30, 2021. After review of the Motions, case files and applicable law, the Court finds as follows:

    In his Motion Defendant alleges two claims of newly discovered evidence. Defendant's first claim is that counsel rendered misleading and erroneous advice which led Defendant to reject a plea offer. Defendant claims that counsel told him that the State's witnesses made inconsistent statements and that the knife could not be linked to him. The Court finds that such a claim does not constitute newly discovered evidence. To be considered newly discovered, the evidence "must have been unknown by the trial court, by the party, or by counsel at the time of trial, and it must appear that defendant or his counsel could not have known [of it] by the use of diligence." Second, the newly discovered evidence must be of such nature that it would probably produce an acquittal on retrial. _Robinson v. State_, 865 So. 2d 1259, 1262 (Fla. 2004), _quoting_ _Jones v. State_, 709 So. 2d 512, 521 (Fla. 1998). As Defendant's claim does not meet the newly discovered evidence criteria, the motion is untimely.

    Defendant's second claim alleges that counsel and the State colluded to destroy the discovery depositions. Defendant's claim is based purely upon speculation and is not supported by any evidence.

    Defendant has also filed a Petition for Writ of Mandamus in this Court. This petition should have been filed in the jurisdiction in which Defendant is currently incarcerated. To the extent that the Defendant raises claims of ineffective assistance of trial counsel, the Court finds that the Defendant's claims are vague at best.

    Based on all of the foregoing, it is **ORDERED AND ADJUDGED** that Defendant's _Motion for Postconviction Relief_ and _Petition for Writ of Mandamus_ are **DENIED.**

    Defendant has thirty (30) days from the date of this Order within which to appeal this Order to the Second District Court of Appeal.

    **DONE AND ORDERED** in Bartow, Polk County, Florida this 09 day of JULY, 2021.

                             LARRY HELMS, Circuit Judge

cc:
-- Joshua Day, DC#H51182, Suwannee CI, 5964 US Hwy 90, Live Oak, FL 32060
-- Victoria J. Avalon, Esq., A.S.A.

LH/abw

I hereby certify that copy
of the foregoing order was
mailed to defendant this

7-13-21

Deputy Clerk

NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

JOSHUA LEE DAY,                )
                              )
        Appellant,            )
                              )
v.                            )        Case No. 2D19-2471
                              )
STATE OF FLORIDA,             )
                              )
        Appellee.             )
_____)

Opinion filed May 13, 2020.

Appeal pursuant to Fla. R. App. P.
9.141(b)(2) from the Circuit Court for
Polk County; Larry Helms, Judge.

Joshua L. Day, pro se.


PER CURIAM.

        Affirmed.

KHOUZAM, C.J., and VILLANTI and BLACK, JJ., Concur.

DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

_____

JOSHUA L. DAY,

Appellant,

v.

STATE OF FLORIDA,

Appellee.

No. 2D21-2473

_____

February 4, 2022

Appeal pursuant to Fla. R. App. P. 9.141(b)(2) from the Circuit Court
for Polk County; Larry Helms, Judge.

Joshua L. Day, pro se.

PER CURIAM.

     Affirmed.


SILBERMAN, BLACK, and LUCAS, JJ., Concur.

_____

Opinion subject to revision prior to official publication.

Joshua Day
Suwannee C.I. Annex
5964 US Highway 90
Live Oak, FL. 32060

Mailed From State
Correctional
Institution
Suwanee C.I.

RECEIVED

APR 07 2022
11:52 AM



CHECKED
APR 11 2022

Clerk U.S. District Court /
401 S.E. First Avenue
Room 243
Gainesville, Florida 32601-6895